```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT R. PRUNTY, JR.,

     Plaintiff,

v.                                            Case No: 2:16-cv-577-FtM-99CM

UNITED STATES DEPARTMENT OF
EDUCATION, THE DESOTO COUNTY
SCHOOL DISTRICT, THE JACK
NICKLAUS MIAMI CHILDREN'S
HOSPITAL, INC., KARYN E.
GARY, FLORIDA DEPARTMENT OF
EDUCATION, THE FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, ELIZABETH
DUDEK, PAMELA STEWART, ALEX
SOTO, and JOHN KING,

     Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the file. On August 17, 2016, plaintiff filed a First Amended Complaint As of Course (Doc. #43). As this is now the operative pleading, defendants Agency for Health Care Administration ("Florida Medicaid") and Florida Department of Education's Motion to Dismiss (Doc. #38) filed on August 15, 2016, will be denied as moot. The Court notes that, on August 31, 2016, defendants filed a Motion to Dismiss Amended Complaint (Doc. #53).

*1. Plaintiff's Motions for Summary Judgment*

Also before the Court are plaintiff's Motions for Complete Summary Judgment or in the Alternative, Partial Summary Adjudication of Issues against: (1) the School District of Desoto County, Karyn Gary and Board of Directors (Doc. #59), (2) the Jack Nicklaus Miami Children's Hospital (Doc. #65), and (3) the Agency for Health Care Administration (Doc. #66).

Defendant School Board of Desoto County file a Response in Opposition (Doc. #60) to plaintiff's request for summary judgment arguing that not only is the motion premature, but Karyn Gary is no longer a named party in this case. Defendant the Agency for Health Care Administration filed a Response to Plaintiff's Motion for Summary Judgment (Doc. #67) also arguing that the motion is premature and defective because it does not include a statement of undisputed facts with record citations and relies upon unauthenticated documents. Defendants the Jack Nicklaus Miami Children's Hospital and Alex Soto filed a Response (Doc. #68) arguing that the motion is premature and unsupported, and further arguing that it is simply an improper additional response to the motion to dismiss. On October 3, 2016, plaintiff filed an Amended Motion for Summary Judgment (Doc. #71) against all of the aforementioned defendants and added facts and supporting documents. It is noted that plaintiff believes that Karyn Gary is a named defendant in the case. The previously filed motions

for summary judgment will be denied as moot in light of the amended filing.

As to the amended motion for summary judgment, the opposition arguments remain valid. The Sworn Affidavit (Doc. #71-19, Exh. V) contains statements of plaintiff's opinion without supporting facts, and is therefore at least partially inadmissible. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").[1]  Under Rule 56,

> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] Plaintiff includes statements that defendants intentionally broke the law, defendants lied, and that the Administrative Judge was paid by the State of Florida and therefore biased.

Fed. R. Civ. P. 56(c)(1).  Until plaintiff has a viable complaint, after the motions to dismiss have been decided, any consideration of summary judgment would be premature.  The parties have not yet filed a Case Management Report and therefore no discovery has been conducted in this case.  See Doc. #62 (noting difficulties in conferring by telephone).  Additionally, a Motion to Stay Discovery and Case Management Report, or in the Alternative, Motion to Amend Related Case Order and Track Two Notice (Doc. #51) has been filed and remains pending along with defendants' motions to dismiss.  The amended motion will be denied.

   *2. Plaintiff's Motion for Default Judgment*

   Plaintiff filed a Motion for Default Judgement [sic] Against the School District of Desoto County (Doc. #58) arguing that defendant's motion to dismiss is inadequate because it doesn't reference Rule 8, and disingenuous because Count One was adequately pled and does state a clear legal basis for relief.  Defendant filed a Response to Plaintiff's Motion for Default Judgment (Doc. #61) noting that no default had issued and a motion to dismiss has been filed in response to the First Amended Complaint precluding a finding of a default.

   Defendant is correct that plaintiff has failed to obtain a Clerk's default, a necessary prerequisite to obtaining a default judgment, and therefore this alone would be a basis to deny the motion.  The Court also finds that defendant is entitled to seek

dismissal or a more definite statement if defendant cannot discern the plausibility of the claim.  Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  In the motion, defendant states that it "cannot discern the basis for Count I (¶ 77) and the count references multiple federal statutes, without specifying the specific statute that the claim rests upon."  (Doc. #42, ¶ 5.)  Plaintiff's motion will be denied.

    3. *Defendants' Motions to Strike*

In response to the Amended Motion for Summary Judgment (Doc. #71), defendant School Board of Desoto County filed a Motion to Strike Plaintiff's Memorandum, Affidavit and Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment (Doc. #70), defendants Jack Nicklaus/Miami Children's Hospital and Alex Soto filed a Motion to Strike Plaintiff's Memorandum, Affidavit and Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment (Doc. #74) and the Agency For Health Care Administration filed a Motion to Strike Plaintiff's Amended Motion for Summary Judgment (Doc. #76).  Plaintiff filed an Opposition to the Jack Nicklaus Miami Children's Hospital[']s Motion to Strike (Doc. #77).

Defendants argue that the Amended Motion was filed without leave of Court and is either an unauthorized reply or a supporting memorandum with additional support not previously provided because it was filed after their responses to the original motion. Plaintiff asserts that the amended motion was filed pursuant to Fed. R. Civ. P. 15(b)(2) to conform to the evidence[2], and defendants have failed to invoke Fed. R. Civ. P. 56(d).  As the Amended Motion for Summary Judgment has been denied, the motions to strike will be denied as moot.

   4. *Plaintiff's § 1927 Motion & Defendant's Rule 11 Motion*

On October 17, 2016, plaintiff filed a Motion Seeking Relief Pursuant to 28 U.S.C. § 1927 and this Honorable Court's Inherent Powers, for the Continuous and Cumulative Filings of Objectively Unreasonable Pleadings and Motions Throughout This Case by Counsel for the School District of Desoto County (Doc. #78).  Plaintiff argues that he is tired of constantly having to file oppositions to defendant's "continuous frivolous filings", and counsel's vexatious litigation.  Defendant filed a Response (Doc. #79) on October 20, 2016.

Plaintiff cites the following as examples of counsel's unreasonable and vexatious litigation:  (1) citing to only a portion of a case for the proposition that unauthenticated

---

[2] This Rule applies to amend <u>pleadings</u> to conform to the evidence presented during and after trial.

documents are inadmissible without going on to say that unauthenticated documents may be considered on summary judgment if the documents will be admissible at trial; (2) filing a motion to strike the summary judgment motion even though it is not a pleading for purposes of Rule 12(f); (3) failing to respond to the allegations in Count One with a motion pled with particularity pursuant to Fed. R. Civ. P. 7(b)(1)(B); (4) supporting a motion to stay discovery while stating that discovery is needed; (5) repeatedly asserting that pre-suit notice under Fla. Stat. § 768.28 is required when counsel knows that it does not apply to actions under Title VI; and (6) claiming confusion when the First Amended Complaint makes it clear that Karyn Gary is a defendant making the argument frivolous. As a sanction, plaintiff seeks the imposition of a default judgment, and for counsel to show cause why sanctions should not be imposed.

Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[A]n attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute only when the attorney's conduct is so egregious that it is "tantamount to bad faith." Amlong &

Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). Plaintiff must also show that the dollar amount of the sanction bears a "financial nexus to the excess proceedings." Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997).

Plaintiff may disagree with counsel's position and counsel's interpretation of case law, however plaintiff has failed to demonstrate actual bad faith in defendant's filings. Plaintiff also does not specify any costs or expenses, or monetary sanction that would be appropriate in this case. In the exercise of this Court's discretion, the motion will be denied.

On November 1, 2016, defendant School Board of Desoto County filed a Motion for Sanctions Pursuant to Rule 11 (Doc. #80). Plaintiff filed a Motion in Opposition (Doc. #81) arguing that the motion was filed in retaliation for his § 1927 motion. A Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The purpose of this so-called "safe harbor rule" is "to allow an attorney [or unrepresented party][3] who violates Rule 11 to correct

---

[3] "Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." Meidinger v. Healthcare Indus. Oligopoly, 391 F. App'x 777, 778 (11th Cir. 2010) (quoting

the alleged violation within twenty-one days without being subject to sanctions." Peer v. Lewis, 606 F.3d 1306, 1315 (11th Cir. 2010). There is no indication that counsel complied and provided plaintiff notice of the intent to seek sanctions before filing the motion. The request for Rule 11 sanctions will be denied on this basis.

Accordingly, it is hereby

**ORDERED:**

1. Defendants Agency For Health Care Administration ("Florida Medicaid") And Florida Department Of Education's Motion to Dismiss (Doc. #38) is **DENIED as moot.**

2. Defendants Jack Nicklaus/Miami Children's Hospital and Alex Soto's Motion to Dismiss the Amended Complaint (Doc. #49) is **DENIED as moot** in light of the Reformatted Motion to Dismiss the Amended Complaint to Comply with Local Rule 3.01(a) (Doc. #50) that was filed.

3. Plaintiff's Motion for Complete Summary Judgment or in the Alternative, Partial Summary Adjudication of Issues against the School District of Desoto County, Karyn Gary and Board of Directors (Doc. #59) is **DENIED as moot.**

4. Plaintiff's Motion for Complete Summary Judgment or in the Alternative, Partial Summary Adjudication of Issues

---

Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989).

against the Jack Nicklaus Miami Children's Hospital (Doc. #65) is **DENIED as moot.**

5. Plaintiff's Motion for Complete Summary Judgment or in the Alternative, Partial Summary Adjudication of Issues against the Agency for Health Care Administration (Doc. #66) is **DENIED as moot.**

6. Plaintiff's Amended Motion for Summary Judgment (Doc. #71) is **DENIED.**

7. Plaintiff's Motion for Default Judgement [sic] Against the School District of Desoto County (Doc. #58) is **DENIED.**

8. Defendant School Board of Desoto County's Motion to Strike Plaintiff's Memorandum, Affidavit and Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment (Doc. #70) is **DENIED as moot.**

9. Defendants Jack Nicklaus/Miami Children's Hospital and Alex Soto's Motion to Strike Plaintiff's Memorandum, Affidavit and Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment (Doc. #74) is **DENIED as moot.**

10. Defendant Agency For Health Care Administration's Motion to Strike Plaintiff's Amended Motion for Summary Judgment (Doc. #76) is **DENIED as moot.**

11. Plaintiff's Motion Seeking Relief Pursuant to 28 U.S.C. § 1927 and this Honorable Court's Inherent Powers, for the Continuous and Cumulative Filings of Objectively

      Unreasonable Pleadings and Motions Throughout This Case by Counsel for the School District of Desoto County (Doc. #78) is **DENIED**.

12. Defendant School Board of Desoto County's Motion for Sanctions Pursuant to Rule 11 (Doc. #80) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this \_\_\_21st\_\_\_ day of November, 2016.

                                             */s/ John E. Steele*
                                             JOHN E. STEELE
                                             SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record