UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR,

    Plaintiff,

v.                                                                  Case No: 2:16-cv-577-FtM-99CM

UNITED STATES DEPARTMENT
OF EDUCATION, THE DESOTO
COUNTY SCHOOL DISTRICT,
THE JACK NICKLAUS MIAMI
CHILDREN'S HOSPITAL, INC.,
KARYN E. GARY, FLORIDA
DEPARTMENT OF EDUCATION,
THE FLORIDA AGENCY FOR
HEALTH CARE
ADMINISTRATION, ELIZABETH
DUDEK, PAMELA STEWART,
ALEX SOTO and JOHN KING,

    Defendants.

## ORDER

This matter comes before the Court upon review of State Defendants' Motion to Stay Discovery and Case Management Report, or in the Alternative, Motion to Amend Related Case Order and Track Two Notice (Doc. 51) filed on August 29, 2016. Plaintiff opposes the requested relief.  Doc. 55.

On May 6, 2016, Plaintiff, who is proceeding *pro se*, filed a Complaint against Defendants with the United States District Court for the Southern District of Florida. Doc. 1. Plaintiff has five school-aged children and claims that the children have been denied various educational services and rights related to their special needs. Docs. 1, 27. On July 22, 2016, this case was transferred to this Court. Doc. 27. On

August 4, 2016, the Court entered a Related Case Order and Track Two Notice, directing the parties to meet within thirty (30) days after service of the complaint upon any defendant, or the first appearance of any defendant, to prepare a Case Management Report ("CMR"). Doc. 30 at 1-2. The Court also ordered the parties to file a CMR within fourteen (14) days after the meeting. *Id.* at 2. On August 15, 2016, the Agency for Health Care Administration and the Florida Department of Education filed a motion to dismiss for lack of jurisdiction. Doc. 38. On August 17, 2016, without first seeking leave of court, Plaintiff filed an amended complaint. Doc. 43. Since then, various defendants have filed motions to dismiss (Docs. 42, 49, 50, 53) and to strike (Docs. 70, 74, 76). Plaintiff also has filed motions for summary and default judgment. Docs. 58, 59, 65, 66, 71. On November 21, 2016, United States District Judge John E. Steele denied as moot the motions to dismiss (Docs. 38, 49), Plaintiff's motions for summary judgment (Docs. 59, 65, 66), and the motions to strike (Docs. 70, 74, 76), and denied Plaintiff's motions for default and summary judgment (Docs. 58, 71), Plaintiff's motion (Doc. 78), and the motion for sanctions (Doc. 80). Doc. 84. Currently, three motions to dismiss (Docs. 42, 50, 53) and one motion for miscellaneous relief (Doc. 82) are pending.

On August 29, 2016, Defendants Florida Department of Education and Florida Medicaid filed the present motion to stay discovery and filing of a CMR until the motions to dismiss have been adjudicated. Doc. 51 at 1. Defendants allege that the pending motions to dismiss challenge Plaintiff's lack of standing, failure to exhaust his administrative remedies, and inability to represent his children. *Id.* at 3.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353 (11th Cir. 1983). Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.; Horsley v. Feldt,* 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama*, however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP,* 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citing *In re Winn Dixie Stores, Inc.,* 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Here, because there are pending motions challenging the legal sufficiency of the complaint, which after taking a "preliminary peek" the Court find meritorious, the Court will stay discovery and the filing of a CMR until the Court's resolution of the motions to dismiss (Docs. 42, 50, 53). *See id.* At this early stage of proceedings, staying discovery and the filing of a CMR until the Court rules on the motions to dismiss will cause Plaintiff little harm. *Id.*

ACCORDINGLY, it is hereby

**ORDERED:**

1. State Defendants' Motion to Stay Discovery and Case Management Report, or in the Alternative, Motion to Amend Related Case Order and Track Two Notice (Doc. 51) is **GRANTED**.

2. Discovery is **STAYED** pending the Court's resolution of the motions to dismiss (Docs. 42, 50, 53).

3. The parties shall file a Case Management Report within **FOURTEEN (14) DAYS** after the Court's resolution of the motions to dismiss.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record