UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR ,

      Plaintiff,

v.                                                            Case No:   2:16-cv-577-FtM-99CM

UNITED STATES DEPARTMENT
OF EDUCATION, THE DESOTO
COUNTY SCHOOL DISTRICT,
THE JACK NICKLAUS MIAMI
CHILDREN'S HOSPITAL, INC.,
KARYN E. GARY, FLORIDA
DEPARTMENT OF EDUCATION,
THE FLORIDA AGENCY FOR
HEALTH CARE
ADMINISTRATION, ELIZABETH
DUDEK, PAMELA STEWART,
ALEX SOTO and JOHN KING,

      Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's (Amended) Formal Objection pursuant to Fed. R. of Civ. P. Rule 60(b)(1), based upon Mistaken Information Expressed by the Honorable Magistrate Judge Carol Mirando in It's Order Dated November 21, 2016 and Memorandum of Law (Doc. 88) filed on December 1, 2016, construed as a Motion for Reconsideration of the Court's Order (Doc. 85).   Defendants Florida Department of Education and Florida Medicaid (collectively "Defendants") oppose the requested relief.   Doc. 89.   On November 21, 2016, the Court granted Defendants' motion to stay (Doc. 51) and stayed discovery pending the resolution of the motions to dismiss (Docs. 42, 50, 53).   Doc. 85 at 4.

The Court also directed the parties to file a Case Management Report within fourteen (14) days after the resolution of the motions to dismiss (Docs. 42, 50, 53).   *Id.*

Plaintiff's present motion seeks the Court's reconsideration of the Order (Doc. 51) under Rule 60(b)(1) of the Federal Rules of Civil Procedure.[1]   Doc. 88.   Plaintiff asserts that the Court's Order incorrectly characterizes his claims as ones seeking relief for his children.[2]   *Id.* at 4.   As Defendant points out, Plaintiff's disagreement with the Court's characterization of his claims is not a clerical mistake.   Doc. 89 at 2.   Furthermore, Plaintiff seems to seek reconsideration of the Court's Order (Doc. 85) because he is concerned with the effect of the Order on the pending motions to dismiss (Docs. 42, 50, 53).   Doc. 88 at 9 ¶ 32.   The Court's Order (Doc. 85) does not affect the pending motions to dismiss, which are not before the undersigned.

In addition, Plaintiff does not present legal or evidentiary grounds for the Court's reconsideration.   "Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly."   *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).   Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest

---

[1] Under Rule 60(b)(1), the Court may relieve a party from an Order for mistake, inadvertence, surprise, or excusable neglect.   Fed. R. Civ. P. 60(b)(1).

[2] Specifically, Plaintiff disputes the phrase in the Order that Plaintiff "claims that the children have been denied various educational services and rights related to their special needs."   Doc. 85 at 1.

injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at \*1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).   It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration.   *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).   Here, Plaintiff neither addresses the relevant legal standards nor presents extraordinary circumstances justifying reconsideration.   *See id.*

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's (Amended) Formal Objection pursuant to Fed. R. of Civ. P. Rule 60(b)(1), based upon Mistaken Information Expressed by the Honorable Magistrate Judge Carol Mirando in It's Order Dated November 21, 2016 and Memorandum of Law (Doc. 88) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Robert R. Prunty, Jr. *pro se*