UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR.,

    Plaintiff,

v.                                      Case No: 2:16-cv-577-FtM-99CM

UNITED STATES DEPARTMENT OF EDUCATION, THE DESOTO COUNTY SCHOOL DISTRICT, THE JACK NICKLAUS MIAMI CHILDREN'S HOSPITAL, INC., KARYN E. GARY, FLORIDA DEPARTMENT OF EDUCATION, THE FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ELIZABETH DUDEK, PAMELA STEWART, ALEX SOTO, and JOHN KING,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants Desoto County School Board and the Florida Department of Education and Agency for Health Care Administration's Motions to Dismiss (collectively "defendants") (Docs. ## 42, 53) filed on August 19 and 31, 2016. Plaintiff filed responses (Docs. ## 52, 56, 57) on August 24 and September 6, 2016. For the reasons set forth below, the motions are granted.

**I.**

Plaintiff Robert R. Prunty, Jr. (plaintiff or Prunty), is currently proceeding on a sixteen-count First Amended Complaint (Doc. #43) alleging violations of his civil and constitutional

rights because defendants denied him the benefits of federal programs and the right to make and enforce Individualized Education Program contracts (IEPs) for his five children who have been diagnosed with Autism. (Doc. #43, ¶ 1.) Prunty alleges claims for violation of Title VI of the Civil Rights Act, 42 U.S.C. § 1985, and 42 U.S.C. § 1983, as well as common law claims for invasion of privacy and intentional infliction of emotional distress. Plaintiff seeks to enjoin defendants from violating the Individuals with Disabilities Education Act's (IDEA) procedural rules and allow parents to participate in the IEP process.

As an initial matter, the Court notes that this is not the first case Prunty has filed alleging similar violations of his civil and constitutional rights based upon similar conduct against many of the same defendants. See Prunty v. Sibelius et al., No. 2:14-cv-313 and Prunty v. Johnson & Johnson et al., No. 2:15-cv-105. In both of those cases, the Court dismissed plaintiff's complaint without prejudice for failure to exhaust the IDEA's administrative remedies. See Prunty v. Sibelius et al., 2014 WL 7066430, at 3 (M.D. Fla. Dec. 12, 2014); Prunty v. Johnson & Johnson, Inc. et al., 2015 WL 2019411 (M.D. Fla. May 1, 2015). In Johnson v. Johnson, the Court stated: "Thus, the Court emphasizes that the dismissal here is not premised upon a 'technicality' that Prunty may avoid via refiling or further amendment. Any future cases concerning the School Board's actions in connection with Prunty's children's IEPs will be subject to summary dismissal

unless Prunty alleges that he has fully exhausted the IDEA's administrative remedies." Id. at *3.

Defendants move to dismiss on this basis. (Docs. ## 42, 53.) Plaintiff concedes that he has not exhausted his administrative remedies, but alleges in his First Amended Complaint and in his response papers that he has made a good faith attempt to do so but that the remedy plaintiff seeks is not available in administrative proceedings and therefore exhaustion would be futile.[1] (Doc. #43 at 10-13.)

If a student is covered by the IDEA, school officials are required to create an IEP for that student to facilitate their academic progress. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 519 (2007). Students with Autism, such as Prunty's children, are covered by the IDEA. Id. As a parent, Prunty has the statutory right to contribute to the IEP process. Id. According to Prunty, Defendants deprived him of that right. See, e.g. Doc. #43, ¶¶ 4, 24, 30.) Parents of covered children are "entitled to prosecute IDEA claims on their own behalf." Winkelman, 550 U.S. at 535. However, before filing a civil action for a violation of the IDEA, a plaintiff must first exhaust all available administrative remedies, including a meeting with school officials

---

[1] Plaintiff also argues that he seeks no relief under the IDEA. (Doc. ##43 at 10-13; 56 at 3.) Yet the Amended Complaint clearly seeks relief under the IDEA, stating that the "action is based upon damages to Plaintiff personally under Title VI, IDEA and 42 U.S.C. § 1983, respectively" and alleges violations of the IDEA throughout. (Doc. #43, ¶ 23.)

- 3 -

and a hearing before an Administrative Law Judge. J.P. v. Cherokee Cnty. Bd. of Educ., 218 F. App'x 911, 913 (11th Cir. 2007) ("The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."). The IDEA's exhaustion requirements apply even if a plaintiff seeks relief via a different statute. Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute."). "[T]he exhaustion of administrative process is not required where resort to those remedies would be futile or inadequate. For example, courts have not required exhaustion of administrative remedies when the administrative procedure is incapable of granting the relief requested." Assoc. for Retarded Citizens of Ala. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987) (citations omitted).

As the basis for futility, plaintiff alleges that the Administrative Law Judge scheduled a "teleconference" that was cancelled, deciding that "the defendants petition was sufficient." (Doc. #43, ¶ 20.) Plaintiff also believes that the Administrative Law Judge is biased and has set his case in "legal limbo" to cause delay of the proceedings. (Id.)

Here, there is no indication that the administrative process is incapable of granting plaintiff the requested relief such that

- 4 -

plaintiff may bypass the administrative process. One of the fundamental goals of the IDEA is the involvement of parents with disabilities in their children's education. See Honig v. Doe, 484 U.S. 305, 310 (1988). Whether education agencies are providing a disabled child with adequate educational facilities and programs to which they are entitled is a "determination [that] will require extensive factfinding and expert testimony about the present facilities and programs and the needs of the handicapped children, and judicial economy would be well served by having a state hearing officer develop the record on these questions prior to court review." Teague, 830 F.3d at 161. "[P]ermitting plaintiffs to bypass the Act's detailed administrative procedures would run counter to Congress' view that the needs of handicapped children are best accommodated by having the parents and local education agency work together to formulate an individualized plan for each handicapped child's education." Id. (quoting Smith v. Robinson, 468 U.S. 992, 1012 (1984)).

Assuming the allegations in the First Amended Complaint are true, Prunty may have a viable IDEA claim. However, Prunty cannot assert that claim (whether characterized as a violation of the IDEA, Title VI, Section 1981, Section 1983, or any other statutory or constitutional provision), unless and until he *participates in and completes* the IDEA's administrative dispute resolution procedures. Babicz, 135 F.3d at 1422 n.10. Here, although plaintiff alleges that he sought a due process hearing and

administrative review, there is no indication that plaintiff has completed the administrative review process.  (Doc. #43, 10-13.) Accordingly, the First Amended Complaint is dismissed without prejudice to refiling following exhaustion of the IDEA's administrative procedures.

Accordingly, it is hereby

**ORDERED:**

1.  Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. ##42, 53)[2] are **GRANTED** and the First Amended Complaint (Doc. #43) is **dismissed without prejudice**.

2.  The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record

---

[2] Defendant Jack Nicklaus Miami Children's Hospital also filed a motion to dismiss (Doc. #50), but this motion did not raise exhaustion as a basis for dismissal.  As the case has been dismissed, the motion will be deemed moot.