UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR.,

    Plaintiff,

v.     Case No: 2:16-cv-577-FtM-99CM

UNITED STATES DEPARTMENT OF EDUCATION, THE DESOTO COUNTY SCHOOL DISTRICT, THE JACK NICKLAUS MIAMI CHILDREN'S HOSPITAL, INC., KARYN E. GARY, FLORIDA DEPARTMENT OF EDUCATION, THE FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ELIZABETH DUDEK, PAMELA STEWART, ALEX SOTO, and JOHN KING,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on pro se plaintiff Robert J. Prunty, Jr.'s (plaintiff or Prunty) Motion for Reconsideration Pursuant to Federal Rules 56 and 60 due to Newly Discovered Evidence, Fraud Upon the Court, and Need to Prevent Manifest Injustice (Doc. #107) filed on February 13, 2017. Defendant DeSoto County School District filed a response in opposition (Doc. #108) on February 17, 2017. On February 23, 2017, this Court granted other defendants an extension of time to respond and requested that defendants address what implications, if any, Fry v. Napoleon Community Schools, 137 S. Ct. 743 (2017) has on whether

reconsideration of the Court's February 1, 2017 Opinion and Order dismissing plaintiff's First Amended Complaint for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA) (Doc. #106), is warranted. (Doc. #112.)  The Court also allowed plaintiff the opportunity file a reply.  (Id.)

Having reviewed defendant Florida Medicaid's response (Doc. #113), and plaintiff's motions, which the Court construes as replies to defendants' responses (Docs. ##111, 119, 121), the Court denies the request for reconsideration.

**I.**

A non-final order may be revised at any time before the entry of a final judgment.  Fed. R. Civ. P. 54(b).  The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion.  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Furthermore, the Court has the inherent power to assess sanctions for a party's bad-faith conduct, including setting aside judgments for fraud on

the court and imposing attorney fees and costs, independent of statutory or rule provisions. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-50 (1991). According to plaintiff, reconsideration is warranted because of newly discovered evidence, the need to prevent manifest injustice due to defendants' fraud on the court, and an intervening change in the law.

**II.**

**A. Fraud on the Court**

Fraud on the court is defined as "embracing only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." <u>Securities & Exchange Commission v. ESM Group, Inc.</u>, 835 F.2d 270, 273 (11th Cir. 1988) (citing <u>Travelers Indemnity Co. v. Gore</u>, 761 F.2d 1549, 1551 (11th Cir. 1985)).

Plaintiff first argues that defendants falsely claimed in their motions to dismiss that plaintiff failed to exhaust his administrative remedies under the IDEA when exhaustion is not required. This is not fraud on the court, this is advocacy, albeit a position that plaintiff does not agree with. The Court addressed exhaustion in its Opinion and Order on defendants' motions to dismiss, and found that based on the allegations in plaintiff's

First Amended Complaint (Doc. #43) exhaustion of the IDEA's administrative procedures is required.  There is no basis for reconsideration.

Second, as further support for fraud on the court, plaintiff raises the statute of limitations for the first time.  Plaintiff argues that when he re-filed this action on May 6, 2016 (Doc. #1), he did it "with full knowledge that the IDEA statute of limitations had expired on March 3, 2016."  (Doc. #107, ¶¶ 7, 9.)  Plaintiff states that defendants intentionally failed to mention the expired statute of limitations to the Court because they knew that his case did not seek relief under the IDEA.  (Id. at ¶ 11; Doc. #111, ¶ 13.)  Despite knowing that relief was not being sought under the IDEA, defendants moved to dismiss on this basis anyway.  (Id.) Defendants responds that this accusation is false and the newly-proclaimed argument was not apparent on the face of the Complaint.  (Doc. #1).  Defendants state that they could not have committed fraud by not correcting plaintiff's own error for him.

The Court finds no fraud on the court.  Rather, this is simply another attempt by plaintiff to reargue his position that he does not seek relief under the IDEA and is exempt from the exhaustion requirement.  The Court has found that plaintiff's Amended Complaint clearly does seek such relief (Doc. #106 at n.1), and that has not changed.  In fact, plaintiff continues to invoke the IDEA in his motion for reconsideration, stating that "it is only

plaintiff who claimed he himself never received IDEA procedural safeguards."[1]  (Doc. #107, ¶ 14; Doc. #121, ¶¶ 6, 9.)

### B. Intervening Change in Controlling Law

In support of his argument for an intervening change in controlling law, plaintiff cites the Sixth Circuit's decision in Fry v. Napoleon Community Schools, 788 F.3d 622 (6th Cir. 2015), and particularly its dissenting opinion, which states: "Non-IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement."  Fry, 788 F.3d at 635; Doc. #107 at 16-17.  The Sixth Circuit's opinion was issued prior to the Court's Opinion and Order dismissing the First Amended Complaint (Doc. #106), and the Supreme Court had not yet issued its opinion at that time.[2]

In Fry, the Supreme Court vacated the Sixth Circuit's decision, finding that exhaustion under the IDEA is required when a lawsuit challenges the denial of a Free Appropriate Public Education (FAPE), and that a plaintiff cannot escape the exhaustion requirement "merely by bringing her suit under a statute other than the IDEA."  137 S. Ct. at 754.  "[If] the remedy sought is

---

[1] As noted by the Court in its Opinion and Order on dismissal, parents of covered children are "entitled to prosecute IDEA claims on their own behalf."  (Doc. #106, citing Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007)).

[2] The United States Supreme Court reversed and remanded the Sixth Circuit's decision on February 22, 2017.

not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required. After all, the plaintiff could not get any relief from those procedures." Id. The Supreme Court noted that even if a complaint is not framed or phrased to precisely allege a school's failure to provide FAPE, the gravamen of the complaint is what matters; otherwise, a plaintiff could evade the IDEA's restrictions through artful pleading. Id. at 755. Moreover, the Supreme Court stated: "A further sign that the gravamen of a suit is the denial of a FAPE can emerge from the history of the proceedings. In particular, a court may consider that a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute — thus starting to exhaust the Act's remedies before switching midstream." Id. at 757.

Here, Fry is not an intervening change in the law that warrants reconsideration. Instead, it is an affirmation of the approach taken in the Court's prior Opinion and Order (Doc. #106).

Plaintiff argues that the dismissal should be vacated because he is not seeking relief under the IDEA, citing Fry (Doc. #107, ¶¶ 7, 16, 19, 22, 25-60), yet he clearly is. As previously noted by the Court, the gravamen of plaintiff's Amended Complaint involves the denial of a FAPE, and seeks relief under the IDEA as plaintiff alleges that defendants denied him the benefits of federal programs and the right to make and enforce Individualized Education Program contracts (IEPs) for his five children who have been diagnosed

with Autism. Plaintiff states that the "action is based upon damages to Plaintiff personally under Title VI, IDEA and 42 U.S.C. § 1983, respectively." (Doc. #43, ¶ 1; Doc. #106, n. 1 and p. 4, citing <u>Babicz v. Sch. Bd. of Broward Cnty.</u>, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute.")) Furthermore, the Court noted in its Opinion and Order that plaintiff previously invoked the IDEA's administrative remedies, but abandoned them because plaintiff believed that the Administrative Law Judge was biased and had set his case in "legal limbo" to cause delay of the proceedings. (Doc. #43, ¶ 20.) As the Supreme Court in <u>Fry</u> stated, this is a sign that the gravamen of a complaint is the denial of a FAPE, requiring exhaustion. <u>Fry</u>, 136 S. Ct. at 757. Therefore, reconsideration on the basis of an intervening change in the law is denied.

### C. Newly Discovered Evidence

Plaintiff has cited no newly discovered evidence that was not before the Court when it ruled on the motions to dismiss. Therefore, reconsideration on this basis is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Reconsideration due to Newly Discovered Evidence, Fraud Upon the Court, and Need to Prevent Manifest Injustice (Doc. #107) is **DENIED.**

2. Plaintiff's Omnibus Motion in Opposition to the School District of DeSoto County's Constant Vexatious Filings (Doc. #111) is **DENIED.**

3. Plaintiff's Motion and Notice to Defendant School District of DeSoto County Invoking Contempt of Court due to Intentional Violation of Court Orders Regarding Fry v. Napoleon (Doc. #119) is **DENIED.**

4. Plaintiff's Direct Opposition to the School District of DeSoto County's Further Cumulative and Vexatious Filings (Doc. #121) is **DENIED.**

5. AHCA's Motion to Strike Plaintiff's Unauthorized Reply (Doc. #122) is **DENIED as moot.**

6. The Clerk is directed to enter judgment dismissing this case without prejudice in accordance with this Court's February 1, 2017 Order (Doc. #106).

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record